IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN RICHMOND, | § | |
| | § | |
| Defendant Below, | § | No. 70, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1208023790 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 18, 2022
Decided: June 22, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Ryan Richmond, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Richmond's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on May 15, 2014, Richmond pleaded guilty to manslaughter as a lesser included offender of second-degree murder, first-degree

assault as a lesser-included offense of attempted first-degree murder, and possession of a firearm during the commission of a felony ("PFDCF"). As part of the plea agreement, the State agreed not to recommend more than fifteen years of Level V incarceration. Richmond was free to argue for a lesser sentence. The Superior Court immediately sentenced Richmond to three years of Level V incarceration for PFDCF. On October 10, 2014, the Superior Court sentenced Richmond for the other convictions as follows: (i) for manslaughter, twenty-five years of Level V incarceration, suspended after six years for one year of Level III probation; and (ii) for first-degree assault, twenty-five years of Level V incarceration, suspended after six years for one year of Level III probation.

(3) Richmond did not appeal but did file motions for sentence reduction in November 2014 and May 2015. The Superior Court denied the motions. On June 29, 2015, Richmond filed a petition for relief from judgment, arguing that it was unfair that his sentence was similar to the sentences of his co-defendants, who were not first-time offenders like him. The Superior Court treated the motion as a motion for sentence modification under Rule 35(b) and denied it. On appeal, this Court affirmed the Superior Court's judgment.[1]

(4) On May 11, 2016, Richmond filed another motion for sentence reduction under Rule 35(b). Richmond argued that the Department of Correction

---

[1] *Richmond v. State*, 2016 WL 521686 (Del. Feb. 9, 2016).

was not providing him adequate treatment for his sickle cell anemia. The Superior Court denied the motion. On appeal, this Court affirmed the Superior Court's judgment.[2]

(5) On October 13, 2021, Richmond filed a motion for correction of illegal sentence under Rule 35(a). The Superior Court treated the motion as a motion for sentence reduction under Rule 35(b) and denied it as repetitive and untimely. Richmond filed a motion for reargument, which the Superior Court also denied. This appeal followed.

(6) We review the denial of a motion for sentence correction for abuse of discretion, although questions of law are reviewed *de novo*.[3] A motion for sentence correction under Rule 35(a) is very narrow in scope.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5] Although a motion to correct an illegal sentence may be filed at any time, a motion to correct a sentence imposed in an illegal manner filed more than ninety days after imposition of sentence will be

---

[2] *Richmond v. State*, 2016 WL 6092472 (Del. Oct. 18, 2016).
[3] *Fountain v. State*, 2014 WL 4102069 (Del. Aug. 19, 2014).
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Id.*

3

considered only in extraordinary circumstances or if the Department of Correction files an application under Section 4217.[6]

(7)     As he did below, Richmond relies on this Court's decision in *Gibson v. State*[7] to argue that his sentence is illegal because the sentencing judge failed to comply with 11 *Del. C.* § 4204(n). Section 4204(n) requires a judge to set forth on the record the reasons for deviating from the presumptive sentence set forth in the Sentencing Accounting Commission ("SENTAC") guidelines. In *Gibson*, the defendant appealed his sentence based on the judge's failure to comply with Section 4204(n) at a resentencing hearing.[8] This Court concluded that the defendant's criminal history meant his sentence fell within the SENTAC guidelines, but emphasized that sentencing judges should comply with Section 4204(n).[9]

(8)     Unlike *Gibson*, this appeal arises from the denial of a motion for correction of illegal sentence filed years after the imposition of sentence. As the State argues in its motion to affirm, the Court has previously construed a motion for sentence correction based on the sentencing judge's failure to explain their reasons for departing from the SENTAC Guidelines as a claim that the sentence was imposed

---

[6] Super. Ct. Crim. R. 35(a), (b).
[7] 2020 WL 7213227 (Del. Dec. 3, 2020).
[8] *Id.* at *1.
[9] *Id.* at *3.

in an illegal manner that must be raised within ninety days of sentencing.[10]  Absent extraordinary circumstances, which Richmond has not identified, his motion was untimely.  As this Court has also held, a sentence is not illegal simply because it exceeds the SENTAC guidelines.[11]  We therefore affirm the Superior Court's denial of Richmond motion for correction of illegal sentence, albeit on grounds different than those relied upon by the Superior Court.[12]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[10] See, e.g., Walters v. State, 2013 WL 4540040, at *1 (Del. Aug. 23, 2013) (construing motion for sentence correction based on the sentencing judge's failure to give his reasons for departing from the SENTAC guidelines on the record as a claim that sentence was imposed in an illegal manner).

[11] See, e.g., Ramos v. State, 2022 WL 457374, at *2 (Del. Feb. 14, 2022) (affirming the Superior Court's denial of motion for sentence correction and noting that "a sentence is not illegal simply because it exceeds the SENTAC guidelines"); Jenkins v. State, 2019 WL 4923266, at *1 (Del. Oct. 4, 2019) (affirming the Superior Court denial of a motion for sentence correction and noting that "[a] judge's departure from the SENTAC guidelines does not make a sentence illegal").

[12] Unitrin, Inc. v. Am. Gen. Corp., 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).